IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LEON CORTEZ FERGUSON, JR.,

    Plaintiff,

v.

                                        Case No. 23-cv-1925-NJR

NEIL SCHROEDER,

    Defendant.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    Plaintiff Leon Cortez Ferguson, Jr., who is currently a pretrial detainee at the Madison County Jail, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Ferguson alleges Judge Neil Schroeder allowed an attorney who had a conflict of interest to represent him, in violation of his Sixth Amendment rights.

    This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

### The Complaint

In his Complaint, Ferguson makes the following allegations: Ferguson had a pending criminal case before Judge Neil Schroeder. As of June 22, 2022, Judge Schroeder was aware that Ferguson's attorney also represented the victim in Ferguson's case, which created a conflict of interest (Doc. 1, p. 5). Ferguson believes Judge Schroder was working in conspiracy with the attorneys in his case to sabotage Ferguson's criminal case (*Id*. at pp. 5-6). He believes that he was denied his right to a fair trial because he was in jail from June 2022 until January 26, 2023, and his lawyer failed to provide him any update on his case. Ferguson indicates that he now represents himself and is being discriminated against, although he fails to indicate how Judge Schroeder's actions amount to discrimination. He alleges that his rights under the Sixth Amendment were violated, and that Judge Schroeder failed to properly handle his case and was biased towards him. Ferguson seeks monetary damages, including damages for mental and emotional distress and money he spent on commissary and phone calls, and other expenses he paid while in jail.

### Discussion

Simply put, Ferguson's claims against Judge Schroeder fail to state a claim. It has long been established that judges, being sued solely for judicial acts, are protected by absolute judicial immunity. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001); *Dawson v. Newman*, 419 F.3d 656, 660-61 (7th Cir. 2005) ("If a judge errs 'through inadvertence or otherwise, a party's remedy is through appellate process.'"). Clearly, Judge Schroeder's decisions regarding the assignment of counsel in this case are judicial acts. Thus, he is entitled to absolute judicial immunity.

Because Judge Schroeder is not amenable to a suit for damages under Section 1983, the defects in Ferguson's Complaint cannot be cured by permitting him to file an Amended Complaint. An amendment to the pleadings is futile. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013).

## Disposition

For the reasons stated above, Ferguson's Complaint is **DISMISSED with prejudice**.

If Ferguson wishes to appeal this Order, he must file a notice of appeal with this Court within 30 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Ferguson does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999). He must list each of the issues he intends to appeal in the notice of appeal, and a motion for leave to appeal *in forma pauperis* must set forth the issues he plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). Moreover, if the appeal is found to be nonmeritorious, Ferguson may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED:  August 30, 2023**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**